ELECTRONICALLY FILED
Craighead County Circuit Court in Jonesboro
Candace Edwards, Craighead Circuit Clerk
2022-Feb-10 13:03:59
16JCV-22-195
C02D09 : 3 Pages

IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS
FOR THE SECOND JUDICIAL DISTRICT AT JONESBORO

VICTORIA LANZA,

    Plaintiff,

vs.

DOLGENCORP, LLC,　　　　　　　　　Cause No:
　　　　　　　　　　　　　　　　　　Jury Demanded
    Defendant.

## COMPLAINT

**COMES NOW** the Plaintiff, Victoria Lanza, and would show unto the Court as follows:

I.

That your Plaintiff is a resident citizen of Craighead County, Arkansas; that your Defendant is foreign limited liability company licensed and authorized to do business in the State of Arkansas.

II.

That on or about October 16, 2021, Plaintiff, Victoria Lanza, was an invitee of the general store owned and operated by the Defendant, Dolgencorp, LLC, and located a 5431 Southwest Drive, Jonesboro, Craighead County, Arkansas. That Plaintiff, while walking through the store to the restroom, suddenly and without warning, Defendant failed to maintain and/or install its shelving in a proper manner which caused a shelf to collapse on top of Plaintiff causing serious injury to your Plaintiff.

### III.

At all times material to this Complaint, the Defendant, Dolgencorp, LLC, had exclusive control of the property in question and had a duty to maintain the premises in a safe condition.

1. The Defendant had a duty to inspect the premises regularly to prevent and/or discover any dangerous conditions or objects, to warn invitees of the existence of such conditions and/or to correct such conditions promptly.

2. The Defendant had actual or constructive notice of the dangerous condition on and about the premises which caused Plaintiff to suffer her injuries.

3. The Defendant was guilty of negligence in that it failed to maintain the premises and ensure same was in a safe condition; failed to inspect the premises on a timely basis; failed to prevent or discovery the dangerous condition and/or objects which caused Plaintiff's injury; failed to warn invitees, including Plaintiff, of the dangerous condition and/or objects; and failed to correct the dangerous condition in a timely manner.

4. The Defendant was further guilty of negligence in that it failed to post sufficient and adequate warning signs as to the danger therein, so as to create an inherently dangerous situation for invitees attempting to use the premises.

5. That the Defendant is guilty of negligence in allowing an unsafe condition to exist on the premises without maintenance and/or treatment of said condition. Said condition having existed for a period of time that your Defendant knew or should have known of the dangerous condition and had not taken adequate precautions to remedy the area of said dangerous condition. That your Plaintiff's injuries and damages were the direct and proximate result of the negligence of the Defendant in creating and failing to remedy said dangerous and defective condition.

## IV.

As a direct and proximate result of the negligence of the Defendant, and resulting accident, the Plaintiff, Victoria Lanza, suffered serious, painful and permanent injuries, and mental anguish; Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure said injuries and will in the future incur such expenses; Plaintiff's capacity for pleasure, business, work and the enjoyment of life have been impaired.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS:**

1. That proper process issue against the Defendant requiring it to plead and answer.

2. That Plaintiff, Victoria Lanza, be awarded compensatory damages.

3. That the Plaintiff be granted whatever other relief, general or specific, this Court deems equitable and just.

4. Plaintiff demands a Jury to try these issues when joined.

Respectfully submitted this 2nd day of February, 2022.

By: _____
Allen Gressett, Esq. (#2017-094)
Schwed, Adams & McGinley, P.A.
88 Union Center
88 Union Avenue
11th Floor, Suite 1100
Memphis, Tennessee 38103
Telephone: (901) 313-3411
Facsimile: (901) 577-1400

SCHWED, ADAMS & MCGINLEY, P.A. is surety for the court costs of this cause.

_____
SCHWED, ADAMS & MCGINLEY, P.A.